UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Applicant,<br><br>　　v.<br><br>NETCIRQ, LLC<br><br>　　　　Respondent. | Case No. 15-mc-80289-KAW<br><br>**ORDER GRANTING APPLICATION TO ENFORCE COMPLIANCE WITH ADMINISTRATIVE SUBPOENA** |

On November 25, 2015, Applicant Securities and Exchange Commission (the "Commission") applied for order from the Court commanding Respondent NetCirq, LLC's ("NetCirq") compliance with the Commission's administrative subpoena issued in the course of its ongoing, nonpublic investigation.

On February 18, 2016, the Court held a hearing, and, having considered the pleadings and evidence submitted by the parties, the arguments presented, and for good cause shown, IT IS HEREBY ORDERED THAT:

1. Within 7 days from the date of this Order, Respondent shall certify in writing to the Commission that it has complied with the Commission's request to preserve and retain all potentially responsive documents, including without limitation any computers or hard drives that it has imaged, and all other "hard copy" versions and electronically-stored information in Respondent's possession, custody or control.

2. Within 14 calendar days from the date of this Order, Respondent shall produce, and certify in writing to the Commission that it has produced, all documents in Respondent's possession, custody, and/or control, which are responsive to the following requests:

a. DOCUMENTS sufficient to describe the roles and responsibilities of Kristen McRedmond Wade, Ahmed Abu Deiab, James Nelson, and Christopher Chan with respect to NETCIRQ.

b. For all potential or consummated transactions (including but not limited to any investments, private placements, financings, or loans) involving NETCIRQ and any security of an unregistered issuer purchased from any person or entity other than directly from the issuer:

   i. All DOCUMENTS RELATING TO the transaction;

   ii. All COMMUNICATIONS RELATING TO the transaction;

   iii. All DOCUMENTS RELATING TO NETCIRQ's role in the transaction; and,

   iv. All COMMUNICATIONS with the shareholder(s), investor(s) and/or private company whose securities are involved in the transaction.

c. DOCUMENTS sufficient to identify all investors who have invested in any transaction involving NETCIRQ, including;

   i. Name, address, phone number and accreditation status;

   ii. Date and amount of investment;

   iii. Any agreements signed with NETCIRQ; and,

   iv. Any disclosures or agreements provided to the investor(s).

d. All DOCUMENTS and COMMUNICATIONS RELATING TO any potential or consummated transaction involving NETCIRQ and any of the following activities listed on NETCIRQ's website: creating a "private equity marketplace," "help[ing] shareholder get liquidity by reselling your stock" or "invest[ing] in restricted secondary interests in common/preferred stock."

e. All DOCUMENTS and COMMUNICATIONS RELATING TO any potential or consummated transaction in which NETCIRQ made a direct investment in any security of an unregistered issuer purchased from any person or entity other than directly from the issuer.

1

MISC CASE NO. _____
[PROPOSED] ORDER COMPELLING COMPLIANCE WITH SUBPOENA

f.   All DOCUMENTS and COMMUNICATIONS RELATING TO any potential or consummated transaction involving NETCIRQ and any of the following activities listed on Ms. Wade's LinkedIn profile: "creating a secondary market for private equity and venture capital," "reselling private securities and portfolio interests to create a secondary market for private equity" or "find[ing] buyers for your shares at the best possible valuation."

g.   All DOCUMENTS and COMMUNICATIONS RELATING TO any potential or consummated transaction involving NETCIRQ and the system and/or method described in the patent(s) or patent applications entitled "System and Method for Business to Investor Exchange for Raising Capital and For Creating a Secondary Market for Private Equity."

h.   All DOCUMENTS RELATING TO the registration of NETCIRQ as a broker-dealer.

The relevant time period for the production of documents is January 1, 2011 to the present. The Court recognizes that NetCirq has already produced some documents responsive to these requests. Those documents need not be produced again. If only a partial production was made in response to any individual request, NetCirq shall produce the remaining responsive documents and certify in writing that all responsive documents have been produced. If all responsive documents were produced in response to any individual request, NetCirq shall certify in writing that all documents have been produced and that no other responsive documents exist.

The Government shall serve a copy of this order on NetCirq CEO Kristen Wade.

IT IS SO ORDERED.

Dated: February 26, 2016

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge